IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,096

In the Matter of DEBRA JEAN FICKLER,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed December 23, 2015. Indefinite suspension.

*Stanton A. Hazlett*, Disciplinary Administrator, argued the cause, and *Alexander M. Walczak*, Deputy Disciplinary Administrator, was on the formal complaint for the petitioner.

*Debra Jean Fickler*, respondent, argued the cause pro se.

*Per Curiam*:  This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Debra Jean Fickler, of Tonganoxie, an attorney admitted to the practice of law in Kansas in 2009.

On March 19, 2015, the office of the Disciplinary Administrator filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). The respondent did not file an answer, but she appeared at the May 19, 2015, hearing on the complaint before a panel of the Kansas Board for Discipline of Attorneys. The hearing panel determined that respondent violated KRPC 1.3 (2015 Kan. Ct. R. Annot. 461) (diligence); 3.2 (2015 Kan. Ct. R. Annot. 595) (expediting litigation); 8.1(b) (2015 Kan. Ct. R. Annot. 661) (failure to disclose a fact necessary to correct a misapprehension known by respondent); 8.4(d) (2015 Kan. Ct. R. Annot. 672) (engaging in conduct prejudicial to the administration of justice); 8.4(g) (engaging in conduct

1

adversely reflecting on lawyer's fitness to practice law); Kansas Supreme Court Rule 207(b) (2015 Kan. Ct. R. Annot. 328) (failure to cooperate in disciplinary investigation); and Kansas Supreme Court Rule 211(b) (2015 Kan. Ct. R. Annot. 350) (failure to file answer in disciplinary proceeding).

Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"*Findings of Fact*

. . . .

"7.     On September 18, 2013, the Kansas Supreme Court suspended the respondent's license to practice law for failure to pay the annual registration fee, failure to pay the annual continuing legal education fee, and failure to comply with the annual continuing legal education requirements.

"8.     On October 18, 2012, the United States District Court for the Western District of Missouri appointed the respondent to represent a criminal defendant charged in a two count complaint alleging weapons violations. On August 20, 2013, contrary to his pleas, the defendant was convicted as charged. Later, the defendant was sentenced to serve 60 months in prison.

"9.     Thereafter, on January 15, 2014, the defendant filed a notice of appeal *pro se*. The United States Court of Appeals for the Eighth Circuit again appointed the respondent to represent the defendant. The court provided the respondent with a briefing schedule. According to the briefing schedule, the respondent's brief was due on March 4, 2014.

"10.     On March 17, 2014, the respondent filed a motion for an extension of time. The court granted the respondent's motion and extended the time to file the brief to April 1, 2014.

2

"11.     On April 1, 2014, the respondent filed a second motion for an extension of time to file the brief. The court granted the respondent['s] motion and directed the respondent to file a brief on behalf of the defendant by April 8, 2014.

"12.     On April 8, 2014, the respondent filed a third motion requesting an additional seven days to file the brief. The court granted the motion, warned the respondent that no further extensions would be granted, and directed the respondent to file the brief by April 15, 2014. The respondent failed to file a brief by April 15, 2014.

"13.     On April 30, 2014, the court issued an order to show cause why the appeal should not be dismissed for failure to prosecute. The respondent failed to respond to the court's order to show cause.

"14.     On May 23, 2014, the court issued an order removing the respondent as counsel of record for the defendant for 'a serious breach of her responsibility both to her client and to [the] court.' The court appointed new counsel for the defendant.

"15.     Thereafter, on May 29, 2014, the clerk of the court for the United States Court of Appeals for the Eighth Circuit filed a complaint against the respondent with the disciplinary administrator. On June 3, 2014, the disciplinary administrator wrote to the respondent and directed her to provide a written response to the complaint within 20 days. The respondent failed to provide a written response to the complaint within 20 days as directed.

"16.     In June 2014, Michael Crow, an attorney, was appointed to investigate the complaint filed by the clerk. Mr. Crow sent the respondent five letters, directing her to provide a written response to the complaint. The respondent failed to provide a written response to the complaint.

"17.     On March 19, 2015, the disciplinary administrator filed a formal complaint in the instant case. Kan. Sup. Ct. R. 211(b) requires an attorney to file an

3

answer to the formal complaint within 20 days. The respondent failed to file an answer to the formal complaint.

"18.     The respondent appeared at the hearing on the formal complaint. During the hearing, the respondent testified that she did not have a good excuse explaining her failure to properly represent the defendant in this case. She testified as follows:

'Q.     Essentially the complaint is that you failed to file a brief on time after three extensions, as well as failed to answer an order of show cause. Can you explain what happened?

'A.     During this time I was actually a student at Research Medical Center School of Nuclear Medicine Technology. I was attempting to balance that load and at the same time continue my representation of [the defendant]. I had asked the CJA panel for a new appointment and I was told that at this point I needed to continue with representation of [the defendant].

I do not have a good excuse. My excuse is at this time I was disillusioned with the practice of law and at the same time in—during my multiple meetings with [the defendant] in his incarceration I had had more than one threat against me and my family. Such as he made sure that I understood that his previous attorney, who was appointed, had his fingers broken. I am hearing impaired so at first I just laughed these off as, you know, I misunderstood him.

However, in March, I believe, we live in the country so it's not unusual to hear gunshots. At one point sometime during the night our shop was shot with a shotgun and then the next week there was a close range gunshot near our home, but as we ran outside, you know, whoever it was or whatever it was, you know, was long gone. I do not know, I cannot say that these are

4

related to [the defendant] just because we live in the country in Kansas, you know, people practice skeet shooting all the time.

I did have conversations with the U.S. Marshall, when I represented [the defendant] at his trial, about his threats. They told me to, you know, let them know if he had threatened me again. At this point I didn't feel like I had any proof that it was him, but at the same time I was pretty upset and ready to move on with my life and leave the practice of law. So in between trying to balance school, you know, studying and trying to take on this case as an appeal, it was too much and I did not do my duty.'

"*Conclusions of Law*

"19.    At the hearing on the formal complaint, the respondent conceded that she violated the rules as alleged by the disciplinary administrator. Based upon the findings of fact and the respondent's concessions, the hearing panel concludes as a matter of law that the respondent violated KRPC 1.3, KRPC 3.2, KRPC 8.1(b), KRPC 8.4(d), KRPC 8.4(g), Kan. Sup. Ct. R. 207(b), and Kan. Sup. Ct. R. 211(b), as detailed below.

"KRPC 1.3

"20.    Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3. The respondent failed to diligently and promptly represent her client. The respondent failed to timely file an appellate brief on behalf of the defendant in the criminal matter. Because the respondent failed to act with reasonable diligence and promptness in representing her client, the hearing panel concludes that the respondent violated KRPC 1.3.

5

"21.     An attorney violates KRPC 3.2 if she fails to make reasonable efforts to expedite litigation consistent with the interests of her client. The respondent caused unnecessary delay in the defendant's case by failing to file an appellate brief. Accordingly, the hearing panel concludes that the respondent violated KRPC 3.2.

## "KRPC 8.4(d)

"22.     'It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice.' KRPC 8.4(d). The respondent engaged in conduct that was prejudicial to the administration of justice when she failed to timely file an appellate brief and when she failed to respond to the order to show cause. As such, the hearing panel concludes that the respondent violated KRPC 8.4(d).

## "KRPC 8.4(g)

"23.     'It is professional misconduct for a lawyer to . . . engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.' KRPC 8.4(g). The respondent engaged in conduct that adversely reflects on her fitness to practice law when she failed to timely file an appellate brief and when she failed to respond to the order to show cause. The hearing panel concludes that the respondent violated KRPC 8.4(g).

## "KRPC 8.1 and Kan. Sup. Ct. R. 207(b)

"24.     Lawyers must cooperate in disciplinary investigations. KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b) provide the requirements in this regard. '[A] lawyer in connection with a . . . disciplinary matter, shall not:  . . . knowingly fail to respond to a lawful demand for information from [a] . . . disciplinary authority, . . . .' KRPC 8.1(b).

'It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct,

6

and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters.'

Kan. Sup. Ct. R. 207(b). The respondent knew that she was required to forward a written response to the initial complaint—she had been repeatedly instructed to do so in writing by the disciplinary administrator and the attorney investigator. Because the respondent knowingly failed to provide a written response to the initial complaint filed by the clerk of the United States Court of Appeals for the Eighth Circuit, the hearing panel concludes that the respondent violated KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b).

"Kan. Sup. Ct. R. 211(b)

"25.     The Kansas Supreme Court Rules require attorneys to file answers to formal complaints. Kan. Sup. Ct. R. 211(b) provides the requirement:

'The respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel.'

Kan. Sup. Ct. R. 211(b). The respondent violated Kan. Sup. Ct. R. 211(b) by failing to file a timely written answer to the formal complaint. Accordingly, the hearing panel concludes that the respondent violated Kan. Sup. Ct. R. 211(b).

"*American Bar Association*
*Standards for Imposing Lawyer Sanctions*

"26.     In making this recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

7

"27.    *Duty Violated.* The respondent violated her duty to her client to provide diligent representation. The respondent also violated her duty to the legal profession to cooperate in disciplinary investigations.

"28.    *Mental State.* The respondent knowingly violated her duties.

"29.    *Injury.* As a result of the respondent's misconduct, the respondent caused actual injury to the administration of justice.

"30.    *Aggravating and Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following aggravating factors present:

"31.    Multiple Offenses. The respondent committed multiple rule violations. The respondent violated KRPC 1.3, KRPC 3.2, KRPC 8.1, KRPC 8.4, Kan. Sup. Ct. R. 207, and Kan. Sup. Ct. R. 211(b). Accordingly, the hearing panel concludes that the respondent committed multiple offenses.

"32.    Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process. The respondent failed to provide a written response to the initial complaint in this case. The respondent was repeatedly instructed to provide a written response. Additionally, the respondent failed to file an answer to the formal complaint. The respondent's failure to provide a written response to the initial complaint and failure to file an answer to the formal complaint amounts to bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules and orders of the disciplinary process.

"33.    Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following mitigating circumstances present:

"34.    Absence of a Prior Disciplinary Record. The respondent has not previously been disciplined.

"35.    Absence of a Dishonest or Selfish Motive. The respondent's misconduct does not appear to have been motivated by dishonesty or selfishness. The respondent clearly did not wish to continue to represent the criminal defendant in the Eighth Circuit appeal, but the panel finds that this was motivated more out of fear from her relationship with her client and general disillusionment with the practice of law than out of dishonesty or selfishness.

"36.    The Present Attitude of the Attorney as Shown by Her Cooperation During the Hearing and His or Her Full and Free Acknowledgment of the Transgressions. During the hearing on the formal complaint, the respondent admitted the facts and the rule violations.

"37.    Remorse. At the hearing on this matter, the respondent expressed genuine remorse for having engaged in the misconduct.

"38.    In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standards:

'4.42    Suspension is generally appropriate when:

(a)    a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

(b)    a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

'7.2    Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a

9

professional, and causes injury or potential injury to a client, the public, or the legal system.'

"*Recommendation*

"39. The disciplinary administrator recommended that the respondent be suspended from the practice of law and that the suspension be made retroactive to September 18, 2013, the date of her administrative suspension. The respondent concurred in the disciplinary administrator's recommendation.

"40. Accordingly, based upon the findings of fact, conclusions of law, and the Standards listed above, the hearing panel unanimously recommends that the respondent be indefinitely suspended. The hearing panel further recommends that the indefinite suspension be made retroactive to September 18, 2013, the date of the respondent's administrative suspension.

"41. Costs are assessed against the respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 211(f) (2015 Kan. Ct. R. Annot. 350). Clear and convincing evidence is "'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

10

Respondent was given adequate notice of the formal complaint, to which she did not file an answer, and adequate notice of the hearing before the panel and the hearing before this court. The respondent did not file exceptions to the hearing panel's final hearing reports. As such, the findings of fact are deemed admitted. Supreme Court Rule 212(c) and (d) (2015 Kan. Ct. R. Annot. 369).

The evidence before the hearing panel establishes by clear and convincing evidence the charged misconduct violated KRPC 1.3 (2015 Kan. Ct. R. Annot. 461) (diligence); 3.2 (2015 Kan. Ct. R. Annot. 595) (expediting litigation); 8.1(b) (2015 Kan. Ct. R. Annot. 661) (failure to disclose a fact necessary to correct a misapprehension known by respondent); 8.4(d) (2015 Kan. Ct. R. Annot. 672) (engaging in conduct prejudicial to the administration of justice); 8.4(g) (engaging in conduct adversely reflecting on lawyer's fitness to practice law); Kansas Supreme Court Rule 207(b) (2015 Kan. Ct. R. Annot. 328) (failure to cooperate in disciplinary investigation); and Kansas Supreme Court Rule 211(b) (2015 Kan. Ct. R. Annot. 350) (failure to file answer in disciplinary proceeding), and it supports the panel's conclusions of law. We adopt the panel's conclusions.

At the hearing before this court, at which the respondent appeared, the office of the Disciplinary Administrator and the respondent jointly recommended that this court adopt the hearing panel recommendation that the respondent be indefinitely suspended from the practice of law and that the date of the suspension be made retroactively effective on the date of respondent's administrative suspension, September 18, 2013. If respondent seeks reinstatement, a hearing pursuant to Supreme Court Rule 219(d) (2015 Kan. Ct. R. Annot. 403) will be required.

This court is not bound by the recommendations of the Disciplinary Administrator or the hearing panel. *In re Mintz*, 298 Kan. 897, 911-12, 317 P.3d 756 (2014). The court is free to impose a sanction that is either greater or lesser than that which is recommended. Nevertheless, in this instance, given that all concerned have joined in the recommendation for a retroactively applied indefinite suspension, the court accepts that recommended sanction.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Debra Jean Fickler be and is hereby indefinitely suspended from the practice of law in the state of Kansas, effective September 18, 2013, in accordance with Supreme Court Rule 203(a)(2) (2015 Kan. Ct. R. Annot. 293).

IT IS FURTHER ORDERED that the respondent shall comply with Supreme Court Rule 218 (2015 Kan. Ct. R. Annot. 401), and in the event respondent seeks reinstatement, she shall comply with the requirements of Supreme Court Rule 219 (2015 Kan. Ct. R. Annot. 403).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.

12